UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICKY JESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-00085-JRS-DLP |
| ) | |
| WARDEN Wabash Valley Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus**

Ricky Jester was convicted in Indiana state court of murder and conspiracy to commit murder in 1998 in state court cause number 82C01-9704-CF-00360. On February 10, 2021, he filed a document captioned as a petition for a writ of mandamus, *see* 28 U.S.C. § 1651(a), challenging his 1998 state convictions. Dkt. 1. Because the purported mandamus petition is in substance a § 2254 petition for a writ of habeas corpus, the Court advised Mr. Jester of its intention to treat the petition as one brought under § 2254 and ordered him to show cause why the petition should not be dismissed as time-barred. Mr. Jester responded to the show cause order, and the Court finds his petition must be dismissed.

### I. Motion to Proceed *in Forma Pauperis*

Mr. Jester's motion to proceed *in forma pauperis*, dkt. [5], is **denied as moot** because he has paid the $5.00 filing fee, dkt. 4.

### II. Dismissal of Petition

**A. Nature of the Petition**

In response to the Court's order to show cause, Mr. Jester maintains that the Court should treat his petition as a petition for a writ of mandamus, *see* 28 U.S.C. § 1651(a), rather than a

1

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he was not trying to challenge his 1998 convictions but "[r]ather, Jester was challenging the State appellate courts' decision to deny successive State-level collateral review (in this instance, post-conviction)." Dkt. 6 at 1–2. While perhaps a creative framing of his argument, Mr. Jester is indeed trying to challenge the length of his custody by arguing that his conspiracy conviction must be vacated as a violation of double jeopardy, *see* dkt. 1 at 3. "[28 U.S.C. §] 2254 provides the exclusive federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody." *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002). A court "may issue a writ of mandamus only in extraordinary circumstances … to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *United States v. Sinovel Wind Co., Ltd.*, 794 F.3d 797, 793 (7th Cir. 2015) (internal quotation marks and citation omitted). A challenge to one's sentence as a violation of double jeopardy is commonplace, not extraordinary, and accordingly Mr. Jester's petition must be treated as one under § 2254.

### B. Timeliness of Petition

Next, Mr. Jester addresses the timeliness of his § 2254 petition. Mr. Jester concedes that the one-year limitations period has expired but argues that he is entitled to equitable tolling. "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Jester was convicted by a jury in 1998, and the Indiana Supreme Court affirmed his convictions on direct appeal on February 18, 2000. *Jester v. State*, 724 N.E.2d 235, 236–37 (Ind. 2000). There is no indication he filed a petition for certiorari with the United States Supreme Court, so his conviction became final when the time for doing so expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Rule 13 of the *Rules of the Supreme Court of the United States* provides ninety days after the entry of judgment to petition for certiorari. This ninety-day period expired, and thus Mr. Jester's conviction became final, on May 18, 2000.

Two hundred fifty days later, Mr. Jester filed a petition for post-conviction relief on January 23, 2001, which was denied on October 13, 2009. *See* Chronological Case Summary, *State v. Jester*, 82CO1-9704-CF-00360, available at mycase.in.gov. He did not file an appeal. *Id.* Thus, Mr. Jester's clock started running again on November 12, 2009, the deadline to file a timely notice of appeal.[1] The one-year limitations period expired on March 7, 2010.

From 2009 to 2011, Mr. Jester filed unsuccessful successive petitions for post-conviction relief and for permission to file a belated appeal. *Jester v. State*, 980 N.E.2d 447, 2012 WL 6738252, *2 (Ind. Ct. App. Dec. 28, 2012). These collateral attacks on his sentence did not toll the clock under AEDPA. *See De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under §2254(d)(2), of time that passed before the state collateral proceeding began."). In 2011, Mr. Jester filed a motion for correction of erroneous sentence, which was denied by the trial court in March 2012. *Id.* The Indiana Court of Appeals affirmed on December 28, 2012. *Id.* at *3. According to the appellate docket for state cause number 20A-SP-

---

[1] The Seventh Circuit has not decided whether the limitations period runs during this period. *See Johnson v. McCaughtry*, 265 F.3d 559, 563 (7th Cir. 2001). The Court will assume this period is tolled.

01199, available on mycase.in.gov, Mr. Jester's most recent request to file a successive post-conviction petition was denied on July 17, 2020. Again, this unsuccessful request for a successive post-conviction petition did not restart the clock. *De Jesus*, 567 F.3d at 944.

Thus, Mr. Jester's habeas petition was filed almost eleven years after the expiration of the one-year period. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

Mr. Jester alleges that his appellate record was destroyed by flood damage in 2005 and he was not able to obtain another copy of it until around 2011. Dkt. 6 at 5. Once he obtained his record, he began researching his claims to present an argument for successive post-conviction review in state court. *Id.* Mr. Jester also argues that his repeated attempts to obtain successive post-conviction review demonstrate his diligence.

While the flood that destroyed his records could be considered an extraordinary circumstance beyond his control, the ten-year gap between when he obtained his records and filed a habeas petition does not demonstrate diligence. The diligence element requires "reasonable diligence . . . not maximum feasible diligence." *Holland*, 560 U.S. at 653. However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). Mr. Jester's repeated

attempts to pursue post-conviction relief in state court between 2009 and 2020 do not demonstrate that he has been diligently pursuing his habeas rights in federal court.

Mr. Jester has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice.").

Judgment consistent with this Order shall now issue.

### III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as the statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Jester's petition was filed beyond the expiration of the one-year statutory limitations period, and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  4/14/2021

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

RICKY JESTER
983966
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838